IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ALFRED STARLING, | : |
| Petitioner, | : |
| vs. | : |
| | : NO. 4:22-CV-30-CDL-MSH |
| Warden DARRIN MYERS, | : |
| Respondent. | : |
| _____ | : |

**ORDER AND RECOMMENDATION**

Petitioner Alfred Starling, an inmate currently confined at Autry State Prison in Pelham, Georgia, has filed a *pro se* application and amended application for habeas corpus seeking relief under 28 U.S.C. § 2254 (ECF Nos. 1, 7). Pending before the Court is Respondent's motion to dismiss Starling's habeas application as untimely (ECF No. 12). For the reasons stated below, the Court recommends that Respondent's motion be granted, and Starling's habeas petition be dismissed as untimely.

**BACKGROUND**

On May 13, 2008, a grand jury returned an indictment in the Superior Court of Randolph County, Georgia, charging Starling with a single count of armed robbery. Resp't's Ex. 1, at 1, ECF No. 14-1. Following a jury trial, Starling was found guilty, and on August 15, 2008, he was sentenced to twenty years in prison. Resp't's Ex. 2, ECF No. 14-2; Resp't's Ex. 12, at 1, ECF No. 14-12. He timely filed a motion for new trial, which was ultimately denied on February 22, 2017. Resp't's Ex. 11, at 3, ECF No. 14-11. Starling appealed, and the Georgia Court of Appeals affirmed his conviction on October 4,

2017. Resp't's Ex. 12, at 1. Starling did not file a motion for reconsideration with the Georgia Court of Appeals or a petition for a writ of certiorari to the Georgia Supreme Court. Starling filed a state habeas petition in the Superior Court of Mitchell County, Georgia, on October 2, 2018. Resp't's Ex. 3, at 1, ECF No. 14-3. The state court denied the petition on March 10, 2021. Resp't's Ex. 5, at 1, ECF No. 14-5. Starling filed a petition for a certificate of probable cause with the Georgia Supreme Court on April 20, 2021. Resp't's Ex. 6, at 1, ECF No. 14-6. The Georgia Supreme Court dismissed the petition as untimely on September 21, 2021. Resp't's Ex. 7, ECF No. 14-7. It issued its remittitur on October 7, 2021. Resp't's Ex. 8, ECF No. 14-8. Starling moved for reconsideration on October 8, 2021, but the Georgia Supreme Court dismissed the motion as untimely on November 2, 2021. Resp't's Ex. 9, at 1, ECF No. 14-9; Resp't's Ex. 10, ECF No. 14-10.

Starling filed his federal habeas application on December 20, 2021.[1] Pet. 26, ECF No. 1. He amended his petition on February 24, 2021 (ECF No. 7). Respondent moved to dismiss for untimeliness on June 2, 2022 (ECF No. 12). Starling timely responded to the motion (ECF Nos. 15, 20). He also filed a motion for discovery (ECF No. 21). These motions are ripe for review.

I.   **The Applicable Limitations Period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was

---

[1] Although the Court received the habeas application on December 23, 2021, Starling signed it on December 20, 2021. Pet. 26. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.*

2

enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  *See Hohn v. United States*, 524 U.S. 236, 264-65 (1998) (Scalia, J., dissenting) ("The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence.").  The AEDPA, effective April 24, 1996, therefore instituted a time bar as follows:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  To determine whether a petition was timely filed, the Court "must determine (1) when the collateral motion was filed and (2) when the judgment of conviction became final."  *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (quotation marks omitted).

## II.   Starling's Habeas Application

Sterling's limitations period has expired, and his petition is untimely.  The Georgia Court of Appeals affirmed Starling's conviction on October 4, 2017. Resp't's Ex. 12, at 1. He had ten days to file a motion for reconsideration with the Georgia Court of Appeals or

3

twenty days to file a petition for a writ of certiorari to the Georgia Supreme Court. Ga. R. App. Ct. 37(b); Ga. Sup. Ct. R. 38(2). Because Starling did neither, his conviction became final for AEDPA purposes on October 24, 2017, when his time to file a certiorari petition with the Georgia Supreme Court expired. *See Phillips v. Warden*, 908 F.3d 667, 672 (11th Cir. 2018) (explaining that the petitioner's conviction became final under the AEDPA when the time expired for him to file a petition for a writ of certiorari with the Georgia Supreme Court). Thus, the one-year AEDPA limitations period for filing a federal habeas petition began to run on October 24, 2017, and was originally scheduled to expire on October 24, 2018. That period ran for 343 days until October 2, 2018, when Starling filed his state habeas petition. 28 U.S.C. § 2244(d)(2); *see Phillips*, 908 F.3d at 672 (noting filing of state habeas petition tolled AEDPA limitations period until the conclusion of petitioner's state habeas proceedings). Therefore, Starling had 22 days following the conclusion of his state habeas proceedings to file his federal application.

The state habeas court denied Starling's petition on March 10, 2021. Resp't's Ex. 5, at 1. Starling filed a petition for a certificate of probable cause on April 20, 2022.[2] Resp't's Ex. 6, at 167. The Georgia Supreme Court dismissed his petition as untimely on September 21, 2021, and issued its remittitur on October 7, 2021. Resp't's Exs. 7-8. At

---

[2] Petitioner moved the state habeas court to reconsider its denial of his petition on March 23, 2021, but this did not extend his time to appeal to the Georgia Supreme Court. Pet. 24; Pet. Ex. 5, at 162, ECF No. 1-5. *See Ferguson v. Freeman*, 282 Ga. 180, 181 (2007) (noting rule that "motions for reconsideration in the trial courts have no statutory basis and do not extend the time for filing a notice of appeal"); *see Daniel v. Warden*, 783 F. App'x 1007, 1007-08 (11th Cir. 2019) (per curiam) (noting motion for reconsideration of denial of habeas petition filed in state court did not toll the time for filing an application for a certificate of probable cause to the Georgia Supreme Court).

this point, the remaining 22 days on the AEDPA limitations period began to run, and Starling had until October 29, 2021, to file his federal habeas petition. *See Dolphy v. Warden*, 823 F.3d 1342, 1345 (11th Cir. 2016) (per curiam) ("Accordingly, when a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." (citing O.C.G.A. § 9-14-52(a)). Starling, however, did not file his federal habeas application until December 20, 2021.[3]  Pet. 26.

Starling contends the AEDPA limitations period was tolled until he actually received the Georgia Supreme Court's remittitur at Autry State Prison on December 20, 2021, the same day he filed his federal petition. Pet'r's Suppl. Br. 4, ECF No. 20; Pet'r's Suppl. Br. Ex. 1, ECF No. 20-1. Starling cites no authority to support this position, however, and, as noted in the documentation sent to him by the Georgia Supreme Court, a remittitur is sent to the lower courts, not to the parties. Pet'r's Suppl. Br. Ex. 1, at 2; *see* Ga. Sup. Ct. R. 60 ("A remittitur shall be transmitted to the Court from which the case was

---

[3] On October 8, 2021, Starling filed a motion for reconsideration of the dismissal of his petition for a certificate of probable cause, which the Georgia Supreme Court dismissed as untimely on November 2, 2021. Resp't's Ex. 9, at 1; Resp't's Ex. 10. That motion did not toll the AEDPA limitations period. *See, e.g., Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (per curiam) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level."); *Horne v. Williams*, No. CV 115-194, 2016 WL 3014687, at *2 (S.D. Ga. May 23, 2016) ("Petitioner's untimely motion for reconsideration which the Supreme Court of Georgia denied on December 11, 2014, has no effect on the statute of limitations."), *recommendation adopted by* 2016 WL 3360517 (S.D. Ga. June 14, 2016). Moreover, even if the motion did toll the limitations period, Starling's habeas application would still be untimely.

received . . . .").[4]  Therefore, Starling's habeas application is untimely.

### III. Actual Innocence

Starling argues any untimeliness should be excused for actual innocence. Pet'r's Suppl. Br. 4. The United States Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" in the case of expiration of the statute of limitations. *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013). "To demonstrate actual innocence, the petitioner must show that there is new evidence and that, 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Kraft v. Stewart*, No. 18-10355-C, 2018 WL 8918477, at *3 (11th Cir. Nov. 28, 2018) (quoting *McQuiggins*, 569 U.S. at 386). "Actual innocence means factual innocence, not mere legal insufficiency." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Starling does not demonstrate actual innocence. He argues he is actually innocent "due to the evidence at trial did not prove [his] guilt beyond a reasonable doubt." Pet'r's Suppl. Br. 9; *see* Mem. in Supp. of Am. Pet. 21-2, ECF No. 7-1 (arguing actual innocence based on insufficiency of the evidence). This is not new evidence demonstrating factual

---

4  Starling also relies on the "mailbox rule" to support his argument that the AEDPA limitations period was tolled until he received the remittitur. Pet'r's Suppl. Br. 4. He misconstrues the mailbox rule. That rule addresses when documents mailed by a prisoner are considered filed. It does not add more time to a limitations period based on when he receives documents in prison. *See Abuhouran v. United States*, No. 4:06 CV 2505, 2007 WL 1544585, at *2 (N.D. Ohio May 22, 2007) (noting that the federal mailbox rule did not "expand the limitations periods based on the date that the prisoner receives a document in the mail").

6

innocence, but simply an argument that the evidence was legally insufficient. The remainder of his argument complains about lack of probable cause for his arrest, admission of hearsay statements, and use of his custodial statements. Pet'r's Suppl. Br. 9-11. Again, none of Starling's arguments constitute new evidence of factual innocence. Therefore, his untimely habeas petition cannot be excused on this basis.

### IV.    Equitable Tolling

Starling is also not entitled to equitable tolling. The one-year AEDPA limitations period is subject to equitable tolling only in certain situations. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quotation marks omitted). While Starling's responses to the motion to dismiss discuss actual innocence as grounds for excusing his untimely petition, they do not address equitable tolling. Nevertheless, the Court has reviewed his previous filings and notes his original petition invokes equitable tolling. Pet. 24-25. He argues that he had "limited access" to the prison law library due to Covid-19, and as a result, he was unable to meet the deadline for filing a petition for a certificate of probable cause with the Georgia Supreme Court. *Id.* He also blames the clerk of the Georgia Supreme Court for not mailing him a copy of the remittitur. *Id.* at 24. He states he was "uncertain of the days to count for filing." *Id.* at 25.

Initially, the Court notes that Starling fails to clearly explain how his late filing of the petition for a certificate of probable cause with the Georgia Supreme Court is causally connected to his failure to timely file his federal petition. *See San Martin v. McNeil*, 633

7

F.3d 1257, 1267 (11th Cir. 2011) (requiring a petitioner "to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition"). Assuming such connection exists, however, he still does not show entitlement to equitable tolling. His conviction became final in October 2017, and he has had more than adequate time to familiarize himself with the rules and deadlines for state and federal post-conviction procedures. Moreover, "[i]t is well settled that mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of the AEDPA's limitation period." *Spagnuolo v. United States*, No. 21-cv-61044-BLOOM, 2021 WL 3290640, at *2 (S.D. Fla. Aug. 2, 2021) (citing *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[The Court has] never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]"); *see Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005))). Further, the Eleventh Circuit has "held that no access or limited access to a law library does not qualify as an extraordinary circumstance to warrant equitable tolling." *Bass v. Att'y Gen.*, No. 20-10985, 2022 WL 1658637, at *2 (11th Cir. May 25, 2022) (per curiam) (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000)).

Additionally, Starling cannot show he has been pursuing his rights diligently. He waited until only a few weeks prior to expiration of the AEDPA limitations period to file his state habeas petition, thus leaving himself little time to file the federal petition after

8

state habeas proceedings concluded. Nevertheless, despite receiving the Georgia Supreme Court's order dismissing his petition for a certificate of probable cause on September 28, 2021, Starling did not file his federal habeas petition until December 20, 2021. Pet. 24, 26. While he states he filed a motion for reconsideration—which did not toll the time for filing his federal petition—and requested the Georgia Supreme Court clerk send a copy of the remittitur when issued, he did not write the clerk until December 1, 2021. *Id.* at 24; Pet. Ex. 8, at 1-2, ECF No. 1-8. While Starling was only required to exercise "reasonable diligence, not maximum feasible diligence," he failed to meet even that standard. *San Martin*, 633 F.3d at 1267 (11th Cir. 2011) (quotation marks omitted); *see Bass*, 2022 WL 1658637, at *2 (finding petitioner was not entitled to equitable tolling despite hurricane and prison transfer where he failed to explain why he could not file his petition in the several other months available). Consequently, Petitioner is not entitled to equitable tolling.

## V.     Motion for Discovery

Starling moves for discovery and production of documents. Pet'r's Mot. for Disc. 1, ECF No. 21. "Generally, a habeas petitioner is not entitled to discovery as a matter of ordinary course, but may be obtained upon showing good cause . . . to believe that the evidence sought would raise sufficient doubt about his guilt to undermine confidence in the result of the trial." *Arthur v. Allen*, 459 F.3d 1310, 1310 (11th Cir. 2006) (quotation marks and internal citation omitted). "Good cause is demonstrated where specific allegations show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* at 1310-11 (quotation marks

9

omitted). "[G]ood cause for discovery cannot arise from mere speculation." *Id.* at 1311.

Here, the Court is recommending dismissal of his petition as untimely, and therefore, is not reaching the merits of his petition. Consequently, to the extent he seeks discovery on issues that would otherwise be addressed in a timely petition, his request is moot. Further, he alleges no facts suggesting the requested discovery will reveal new evidence of actual innocence to excuse his untimely filing. *See Wilson v. Gordy*, No. 2:14–cv–02219–MHH–JHE, 2015 WL 5315494, at *4 (N.D. Ala. Sept. 11, 2015) (denying discovery where petitioner did not "show[] good cause to believe further discovery would uncover evidence that would enable him to meet the high standard of actual innocence"). Accordingly, Starling's motion for discovery is **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Starling cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

**CONCLUSION**

For the reasons stated above, it is recommended that Respondent's motion to dismiss (ECF No. 12) be granted and Starling's application and amended application for habeas relief (ECF Nos. 1, 7) be dismissed as untimely. Starling's motion for discovery (ECF No. 21) is denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 16th day of August, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE