**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| ALFRED STARLING, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:22-cv-30-CDL-AGH |
| | : | |
| Warden DARRIN MYERS, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner's motion for relief from judgment under Rule 60

of the Federal Rules of Civil Procedure (ECF No. 41).   For the reasons explained

below, it is recommended that Petitioner's motion be denied.

**BACKGROUND**

Following a jury trial, Petitioner was found guilty of armed robbery in the

Superior Court of Randolph County, Georgia.   Resp't's Ex. 12, at 1, ECF No. 14-12.

On August 15, 2008, he was sentenced to twenty years in prison.   Resp't's Ex. 2, ECF

No. 14-2.   The Georgia Court of Appeals affirmed his conviction on October 4, 2017.

Resp't's Ex. 12, at 1.   Petitioner did not file a motion for reconsideration with the

Georgia Court of Appeals or a petition for a writ of certiorari to the Georgia Supreme

Court.   Petitioner filed a state habeas petition in the Superior Court of Mitchell

County, Georgia, on October 2, 2018.   Resp't's Ex. 3, at 1, ECF No. 14-3.   The state

habeas court denied the petition on March 10, 2021.   Resp't's Ex. 5, at 1, ECF No.

14-5.   Petitioner filed a petition for a certificate of probable cause with the Georgia

Supreme Court on April 20, 2021.   Resp't's Ex. 6, at 1, ECF No. 14-6.   The Georgia

Supreme Court dismissed the petition as untimely on September 21, 2021.   Resp't's

Ex. 7, ECF No. 14-7.   It issued its remittitur on October 7, 2021.   Resp't's Ex. 8, ECF

No. 14-8.   Petitioner moved for reconsideration on October 8, 2021, but the Georgia

Supreme Court dismissed the motion as untimely on November 2, 2021.   Resp't's Ex.

9, at 1, ECF No. 14-9; Resp't's Ex. 10, ECF No. 14-10.

Petitioner filed his federal habeas application on December 20, 2021.   Pet. 26,

ECF No. 1.   He amended his petition on February 24, 2021 (ECF No. 7).

Respondent moved to dismiss for untimeliness on June 2, 2022 (ECF No. 12).   The

Court recommended that the motion be granted on August 16, 2022.   Order & R. 1,

ECF No. 24.   The Court's recommendation was adopted on October 17, 2022, and a

judgment entered on his petition the same day (ECF Nos. 29, 30).   The United States

Court of Appeals for the Eleventh Circuit denied a certificate of appealability on May

10, 2023 (ECF No. 38).   The United States Supreme Court denied his petition for a

writ of certiorari on January 8, 2024, and his petition for rehearing on March 18, 2024

(ECF Nos. 39, 40).

Petitioner filed his motion for relief from judgment on August 12, 2025.[1]   Mot.

for Relief from J. 9, ECF No. 41.   Petitioner contends he is entitled to relief from

judgment based on newly discovery evidence and fraud.   Mot. for Relief from J. 4-5.

---

[1] Although the Court received the motion on August 20, 2025, Petitioner signed it on August 12, 2025. Mot. for Relief from J. 9.   "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."   *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted).   "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."   *Id.*

He argues that the indictment submitted into evidence by Respondent was fraudulent because it did not contain the state court clerk's time stamp or signature as required by O.C.G.A. § 15-6-61(a)(3).   *Id.* at 2.   He also argues the indictment was fraudulent because it lists LaTonya Wright Bivins-Zackery—who Petitioner states knows him and his family "very well"—as one of the grand jurors who returned the indictment, when in fact, she not part of the grand jury that indicted him.[2]   *Id.* at 3-4.   He has submitted and affidavit signed by Bivins-Zackery, wherein she avers:

> To the best of my knowledge, I have no recollection [] of ever serving on a grand jury in Randolph County Superior Court, during the term of May, 2008, that voted to return a true bill indictment, indicting Mr. Alfred W. Starling of any crime.   Many years have passed, but I do not have any memory of ever being selected as a grand jury [sic] (LaTonya Wright-Bivins) who indicated [sic] Mr. Starling.

Pet'r's Ex. 2, ECF No. 41-5.   Petitioner contends this Court's judgment is "void" because the above-described "fraud."   Mot. for Relief from J. 6-7.

## DISCUSSION

A district court may relieve a party from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[2] The indictment lists Bivins-Zackery's former name, "Latonya Wright Bivins."   Pet'r's Ex. 2, ECF No. 41-5.

Fed. R. Civ. P. 60(b).   A motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or the date of the proceeding."   Fed. R. Civ. P. 60(c)(1).   "This one-year limitation is not tolled by filing an appeal."   *Pierce v. Kyle*, 535 F. App'x 783, 784 (11th Cir. 2013) (citing *Transit Cas. Co. v. Security Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971)).   However, "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court."   Fed. R. Civ. P. 60(d)(3).

The Court recommends denying Petitioner's motion for several reasons. Initially, the Court notes that Petitioner's assertions are factually flawed.   The indictment—which he states is invalid because it is missing the clerk's filed-stamp and signature—is the same one in the record when the Court dismissed his petition. Resp't's Ex. 1, ECF No. 14-1; Pet'r's Attach. 3, ECF No. 41-3.   Thus, it is not "newly discovered" evidence.   Moreover, even if the indictment should have had a state court clerk's stamp and signature under Georgia law—an assertion on which the Court takes no position—he does not explain how that makes it "fraudulent" as opposed to just being arguably defective.   And if Petitioner felt the indictment was defective under Georgia law, his remedy was to file an appropriate motion in the state court, pursue his available state remedies, and then, after exhausting those, raise it as a ground in a *timely* federal habeas petition.   He failed to do so.

In addition, contrary to Petitioner's assertion, Ms. Bivins-Zackery's affidavit does not state she never served on the grand jury that returned Petitioner's indictment; she only states that "[m]any years have passed" and she has no

4

recollection of doing so.  Pet'r's Ex. 2.  Further, the Court notes that Georgia law only requires that a grand jury consist of sixteen person and the vote of twelve to indict.  O.C.G.A. § 15-12-61(a).  Even if Bivins-Zackery was not on his grand jury, Petitioner has not shown that a sufficient number of grand jurors were not present or did not vote to indict him.  *See Ellis v. State*, 181 Ga. App. 630, 634 (1987) (affirming denial of motion to quash indictment where the appellant showed that two of twenty-three grand jurors did not vote but did not show that the remaining twenty-one failed to do so).

Petitoner's motion must also be rejected as untimely.  A motion for relief from judgment under Rule 60(b) based on newly discovered evidence or fraud must be brought within one year of judgment.  Fed. R. Civ. P. 60(c)(1).  Even one based on the other enumerated Rule 60(b) grounds must be "made within a reasonable time." *Id.*  Judgment was entered in this case on October 17, 2022, Bivins-Zackery signed her affidavit on April 13, 2024, and Petitioner did not file his motion until August 12, 2025.  Judgment, ECF No. 30; Pet'r's Ex. 2; Mot. for Relief from J. 9.  In other words, Petitioner filed his Rule 60 motion over two and a half years after judgment in this case and a year and three months after Bivins-Zackery signed her affidavit. Petitioner's motion is thus untimely by any measure.

Further, Petitioner is not entitled to relief under Rule 60(b)(4) based on a void judgment.  A "void judgment" entitling a party to relief from judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise,

Rule 60(b)(4)'s exception to finality would swallow the rule." *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (quotation marks omitted). "A judgment is not void simply because it is or may have been erroneous," but "[i]nstead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (internal citation and quotation marks omitted). Here, the Court did not lack jurisdiction to rule on Petitioner's habeas petition, and the Petitioner was provided the opportunity to be heard, as evidence by his response to Respondent's motion to dismiss (ECF No. 15).

Finally, Petitioner's contention that judgment can be set aside under Rule 60(d)(3) for "fraud on the court," is misplaced. Even assuming that Respondent's submission of the indictment as an exhibit somehow constituted fraud—which the Court does not find—Petitioner cannot show how it impacted the Court's dismissal of his petition. *See Gupta v. U.S. Att'y Gen.*, 556 F. App'x 838, 841 (11th Cir. 2014) ("Because the fraud allegations are unrelated to the underlying determination that the court lacked subject matter jurisdiction, the district court did not abuse its discretion by denying the Rule 60(d)(3) motion."). Here, the Court's dismissal of Petitioner's habeas application had nothing to do with his indictment but the simple fact that it was untimely. Therefore, Rule 60(d)(3) provides no grounds for relief for Petitioner.[3]

---

[3] Petitioner appears to confuse the issue of whether this Court's judgment was obtained through fraud with whether the state court judgment was obtained through fraud. *See* Mot. for Relief from J. 2 (citing state court transcript where the indictment was read to Petitioner); Pet'r's Ex. 1, ECF No. 41-4. Again, any challenges to the indictment and resulting state court judgment should have first been

## CONCLUSION

For the reasons stated above, it is recommended that Petitioner' motion (for relief from judgment (ECF No. 41) be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof.   Any objection should be no longer than TWENTY (20) PAGES in length.   See M.D. Ga. L.R. 7.4.   The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Petitioner is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 9th day of January, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

exhausted in the state court and then raised in a *timely* federal habeas petition.

7