**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **ALFRED STARLING,** | **:** | |
| | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| **VS.** | **:** | |
| | **:** | **NO. 4:22-cv-30-CDL-AGH** |
| **Warden DARRIN MYERS,** | **:** | |
| | **:** | |
| **Respondent.** | **:** | |

## ORDER

Petitioner filed an Application for a Certificate of Appealability ("COA") (ECF No. 46) to appeal the Court's denial of his "Motion for Relief from Judgment Under Rule 60" (ECF No. 41) and his "Motion to Stay Consideration of Petitioner's Rule 60(b) Motion Pending Disposition of State CPC Proceedings" (ECF No. 44).  As discussed below, a COA is **DENIED**.

### I.    PROCEDURAL HISTORY

Petitioner's 28 U.S.C. § 2254 petition was dismissed as untimely on October 17, 2022.  ECF No. 29.  The United States Court of Appeals for the Eleventh Circuit denied a COA on May 10, 2023.  ECF No. 38. The United States Supreme Court denied his petition for a writ of certiorari on January 8, 2024, and his petition for rehearing on March 18, 2024.  ECF Nos. 39, 40.

Petitioner filed a motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60 on August 12, 2025, arguing that he is entitled to relief from judgment based

1

on newly discovered evidence and fraud.  ECF No. 41 at 4-5.  The United States Magistrate Judge recommended denying the motion because (1) Petitioner's assertions were factually flawed in several respects; (2) the motion was untimely filed; (3) Petitioner was not entitled to relief under Rule 60(b)(4) based on a void judgment; and (4) Petitioner was not entitled to relief under Rule 60(b)(3) based on fraud on the court.  ECF No. 42.

Petitioner objected to the Recommendation.  ECF No. 45.  He also moved for an order staying consideration of his Rule 60(b) motion "until the Supreme Court of Georgia rules on Petitioner's Application for Certificate of Probable Cause to Appeal."  ECF No. 44 at 1.  He explained that after filing his Rule 60(b) motion in this Court, he filed a state habeas petition in the Superior Court of Wilcox County raising the same grounds for relief. *Id*.  The state trial court had already dismissed the petition but his Application for a Certificate of Probable Cause to Appeal the denial of habeas relief was pending in the Georgia Supreme Court.  *Id*.

Following a de novo review, the District Court adopted the Report and Recommendation and denied Petitioner's Rule 60 motion.  ECF No. 46.  The Court also denied Petitioner's Motion to Stay because Petitioner failed to demonstrate circumstances warranting a stay.  *Id*.

## II.    COA STANDARD AND ANALYSIS

Petitioner argues he is entitled to a COA because reasonable jurists could debate (1) whether the District Court should have determined if "the state trial court possessed subject-matter jurisdiction where the record lacks proof of a valid grand jury indictment

and jurisdiction was challenged as void on the face of the record"; (2) whether the District Court conducted a de novo review of his objection to the Report and Recommendation; (3) whether the District Court "erred by shifting the burden to Petitioner to disprove the existence of a valid grand jury indictment"; (4) "whether the District Court erred in denying Rule 60(b) relief where the prior habeas dismissal rested on procedural grounds without resolving whether the court had authority to act, thereby implicating defects in the integrity of the federal habeas proceeding rather than the underlying conviction"; and (5) "whether the District Court abused its discretion by denying a stay despite Petitioner's pending state proceedings challenging subject-matter jurisdiction and the risk of inconsistent rulings between state and federal courts."   ECF No. 47 at 1-2.

"[A] certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 . . . proceeding." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004).   The Court may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017) (citation omitted).   "[T]he district court's holding that [Petitioner] failed to demonstrate that he was entitled to have his judgment reopened under Rule 60(b)[] is a procedural ruling." *Id*. (citation omitted).   To obtain a COA in this

3

situation, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, to obtain a COA, Petitioner must demonstrate the Court's denial of his Rule 60(b) motion "is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" *Lambrix*, 851 F.3d at 1169 (quoting *Buck v. Davis*, 580 U.S. 100, 115 (2017)).

For reasons explained in the January 9, 2026 Report and Recommendation (ECF No. 42), which was adopted by this Court following a de novo review of the record and Petitioner's objections (ECF No. 46), no reasonable jurist could "'conclude that the District Court abused its discretion in declining to reopen the judgment.'" *Lambrix*, 851 F.3d at 1170 (quoting *Buck*, 580 U.S. at 123). Additionally, given the lack of circumstances warranting a stay and Petitioner's lack of diligence in filing his state habeas action,[1] he has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling denying petitioner's motion to stay consideration of his Rule 60(b) motion until after the Georgia Supreme Court ruled on his Application for a Certificate of Probable Cause to Appeal.

---

[1] Petitioner filed his state habeas petition years after he had access to the indictment on which he based some of the claims and well over a year after he had the affidavit on which he based the remainder of his claims. ECF No. 14-1 (copy of indictment filed by Respondent on June 2, 2022); ECF No. 41-3 (another copy of same indictment filed by Petitioner to support current claims); ECF No. 41-5 (showing affidavit signed April 23, 2024); ECF No. 44 at 1 (Petitioner explaining that he filed the state habeas petition raising the same claims after he filed his Rule 60(b) motion in August 2025).

Accordingly, Petitioner's Application for a COA (ECF No. 47) is **DENIED**.

**SO ORDERED**, this 23rd day of February, 2026.

S/ Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA