**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

ALFRED STARLING,       :
             :
   Petitioner,      :
             :
 v.           :  **NO. 4:22-cv-30-CDL-AGH**
             :
DARRIN MYERS,      :
             :
             :
   Respondent.     :
             :

## ORDER

Petitioner Alfred Starling has moved to appeal *in forma pauperis*.  ECF No. 52.

Petitioner seeks to appeal the Court's denial of his "Motion for Relief from Judgment Under Rule 60" (ECF No. 41) and his "Motion to Stay Consideration of Petitioner's Rule 60(b) Motion Pending Disposition of State CPC Proceedings" (ECF No. 44).  Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.
(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis.*  First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal.  Petitioner's application and certified trust fund account shows he has $19.56 in his trust fund account.  ECF No. 52-1.  Thus, it appears he is unable to pay the $605.00 appellate filing fee.

Next, the Court must determine if the petitioner has satisfied the good faith requirement.  "'[G]ood faith' . . . must be judged by an objective standard."  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A petitioner demonstrates good faith when he seeks review of a non-frivolous issue.  *Id*.; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981).  An issue "is frivolous if it is 'without arguable merit either in law or fact.'"  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted), *overruled on other grounds by However v. Marks*, 993 F.3d 1353 (11th Cir. 2021). "Arguable means being capable of being convincingly argued."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'").  "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'"  *Sun*, 939 F.2d at 925 (citations omitted).

The Court's review of the record in this case demonstrates that Petitioner's appeal is frivolous.  *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on*

2

*other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).  The appeal, therefore, is not brought in good faith.  Petitioner has raised no issues with arguable merit.

Consequently, Petitioner's applications to appeal *in forma pauperis* (ECF No. 52) is **DENIED**.

**SO ORDERED**, this 16th day of March, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA